JUSTICE WHEAT
dissents.
¶28 I dissent from the Court’s decision to affirm the grant of summary judgment to Flathead Bank because I believe there is a remaining genuine issue of material fact which precludes summary judgment and must be resolved through the trial process.
¶29 Of particular relevance here are the following facts: Flathead Bank knew of Bell’s easement rights when it held its first trustee’s sale. Flathead Bank did not notify Bell of the sale. After the sale, Flathead Bank explicitly stated to Bell: “It is not the intention of the Bank to impinge on your right to use the easement.” Then, a few months later, Flathead Bank decided, contrary to its earlier decision, to move forward with termination of Bell’s easements.
¶30 Bell argues that Flathead Bank intentionally did not notify Bell of the first trustee’s sale because Flathead Bank did not intend to impinge on Bell’s right to use the easements on the Lake Property. Flathead Bank disputes this allegation, and maintains that the failure to provide Bell with notice was unintentional, “and frankly a mistake.” This factual dispute is significant.
¶31 As the Court correctly points out, § 71-1-315(1)(a)(v), MCA, is silent concerning the consequences of a trustee’s failure to adhere to the notice requirements. In a situation where a trustee intentionally does not notify an interested party of a foreclosure sale, and, after the sale, confirms its intent not to extinguish that party’s interests, the trustee’s failure to provide notice should not entitle it to a complete *351 “do-over” if it later changes its mind and decides that it does want to terminate the party’s interests. Here, if Flathead Bank intentionally did not notify Bell of the first trustee’s sale because it did not intend to extinguish Bell’s right to use the easements — as it explicitly told Bell-Flathead Bank should not get a second bite at the apple because it ultimately determined that it did in fact want to terminate Bell’s interests. In such a situation, Flathead Bank’s failure to strictly comply with the notice requirement of § 71-1-315( l)(a)(v), MCA, should not render the initial foreclosure sale void.
¶32 Flathead Bank’s intention with respect to the first trustee’s sale is a question that should not have been resolved by summary judgment. I would reverse the District Court and hold there was a genuine issue of material fact which precluded summary judgment and remand for a trial on that issue. I respectfully dissent from the Court’s failure to do so.